UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 08-cv-12136-WGY

| | |
|---|---|
| DIANE M. SULLIVAN, FORMERLY KNOWN AS DIANE M. KARPINSKI, AS ADMINISTRATRIX OF THE ESTATE OF DAVID A. KARPINSKI (And SUBROGEE OF SAVERS PROPERTY AND CASUALTY INSURANCE COMPANY) Plaintiff, | ) ) ) ) ) ) ) ) ) |
| v. | ) ) |
| GENIE INDUSTRIES Defendant | ) ) ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## THE PARTIES

1   The Plaintiff, Diane M. Sullivan, formerly Diane M. Karpinski (hereinafter Ms. Karpinski/Sullivan) is the surviving widow of David A. Karpinski.

2   Ms. Karpinski/Sullivan resides at 24 Sioux Rd. West Yarmouth, Massachusetts.

3   Ms. Karpinski/Sullivan is the duly appointed administratrix of the estate of David A. Karpinski (See Exhibit A.)

4   Defendant Genie Industries is a mechanical lift manufacturer and/or distributor with its principal place of business at 18340 NE 76th Street, Redmond, Washington, 98052.

## JURISDICTION AND VENUE

5. This Matter was originally filed in the Commonwealth of Massachusetts, Superior Court for Norfolk County pursuant to Mass G.L. c. 152 §15.

6. The Defendant removed the matter to the United States District Court for the District of Massachusetts pursuant to 28 USC §§ 1332, 1441, and 1446.

## FACTS

7. On or before December 28, 2001, Hyannis Marina purchased a Genie Industries boom lift, Model Number Z45/25 4WD D, Serial Number Z4525-19901 ("the boom lift") for use by its employees at the Hyannis Marina.

8. The Defendant, Genie Industries, or one for whose acts it is legally responsible, designed, manufactured, altered, distributed, marketed and /or sold the boom lift or placed it in the stream of commerce.

9. Hyannis Marina is a boat storage facility located in Hyannis, Massachusetts.

10. David A. Karpinski was an electrician employed by Hyannis Marina.

11. David A. Karpinski and other Hyannis Marina employees used the Genie Industries lift for various tasks related to the operation and management of the Hyannis Marina.

12. On or about January 23, 2008, David A. Karpinski was using the boom lift to perform electrical work inside a boat storage warehouse at Hyannis Marina.

13. While using the boom lift, Mr. Karpinski's became trapped between the ceiling and the metal lift basket and/or control box located on the boom lift.

14. Due a defect in the design and/or manufacture of the lift, Mr. Karpinski was exposed to undue risk of harm, and was unable to disengage the controls or lower the basket to escape from the position in which he was trapped.

15. Due to the pressure applied by the boom lift, Mr. Karpinski died.

16. At all times relative, Mr. Karpinski was married to Ms. Karpinski/Sullivan.

## COUNT I

### WRONGFUL DEATH AND NEGLIGENCE V. GENIE

17. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

18. The accident and resulting injury, loss and damage were caused by the carelessness, negligence and/or negligent acts or omissions of the Defendant Genie Industries, acting by and through its employees or agents, acting within the scope and course of their employment, as follows:

   a. Failing to properly manufacture the boom lift;

   b. Failing to provide a proper, adequate and safe boom lift, with all necessary safety features.

   c. Failing to provide proper and adequate warnings and/or instructions with the boom lift;

   d. Failing to provide proper and adequate safeguards to cause the boom lift to disengage when it came in contact with an object;

  e. Failing to provide an appropriate and safe boom lift control system for use in the basket of the boom lift;

  f. Causing or allowing a defectively designed and/or manufactured boom lift to be placed in the stream of commerce;

  g. Failing to incorporate a mechanism within the boom lift which would cause the lift to descend when it came in contact with an object;

  h. Causing or allowing the accident to occur; and

  i. Installation and/or design of a control panel cover that improperly interfered with the safe operation of the boom lift;

  j. Otherwise failing to use the due care, as was required under the circumstances, as may be revealed in the course of discovery.

19. Defendant's negligence was a proximate cause of David Karpinski's injury and death.

**WHEREFORE**, The Plaintiff Diane M. Sullivan formerly Diane M. Karpinski as administratrix of the estate of David A. Karpinski demands judgment against Defendant Genie Industries Pursuant to Mass G. L. c. 229 § 2, plus all special and general damages incurred by Plaintiff, together with pre- and post-judgment interest, the cost of the suit, and such other and further relief as may be awarded by the Court.

## COUNT II
BREACH OF WARRANTY

20. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

21. At the time the boom lift was supplied it was in a defective condition, which defects rendered it unreasonably dangerous to persons and property. The aforementioned defects directly and proximately caused the Plaintiff to suffer substantial and lethal personal injuries.

22. The aforementioned accident and resulting injuries, were directly and proximately caused by Genie Industries' conduct in:

    a) Selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective boom lift which Genie Industries knew or should have known subjected Plaintiff David Karpinski to an unreasonable risk of harm;

    b) failing to warn of the aforesaid defective condition; and

    c) generally acting in a manner which subjected it to strict liability under all of the circumstances.

23. In manufacturing, designing, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the subject boom lift the Defendant expressly and/or impliedly warranted that its product was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

24. Defendant Genie Industries breached the aforesaid express and/or implied contract-based warranties, as well as the statutory warranty provided for by Massachusetts Uniform Commercial Code.

25. As a direct and proximate result of the breach of the aforementioned warranties, the accident occurred, resulting in severe personal injuries and death to David Karpinski.

**WHEREFORE**, The Plaintiff Diane M. Sullivan formerly Diane M. Karpinski as administratrix of the estate of David A. Karpinski demands judgment against Defendant Genie Industries Pursuant to Mass G. L. c. 229 § 2, plus all special and general damages incurred by Plaintiff, together with pre- and post-judgment interest, the cost of the suit, and such other and further relief as may be awarded by the Court.

## COUNT VI
### CONSUMER PROTECTION ACT VIOLATION (M.G.L. ch.93A §2)

26. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

27. The defendant, by virtue of advertisements, promotional literature, and/or sales brochures, represented to the general public and to David Karpinski in particular, that the design and manufacture of the boom lift was of a particular standard, quality or grade.

28. Defendant David Karpinski reasonably and justifiably relied on defendant's representations that the design and manufacture of the boom lift was of a particular standard, quality or grade.

29. The defendant violated the Consumer Protection Act in failing to provide a boom lift of a particular design and/or manufacture standard, quality or grade as represented to and reasonably and justifiably relied upon by the general public and Plaintiff David Karpinski in particular.

30. The defendant violated the Consumer Protection Act in representing to the general public, and Plaintiff David Karpinski in particular, that the boom lift possessed design and/or manufacture characteristics that it in fact did not have.

31. The defendant advertised the boom lift with intent not to sell the boom lift as advertised in direct violation of the Consumer Protection Act.

32. The defendant knew or should have known of the design and/or manufacturing defects and therefore violated the Consumer Protection Act.

33. The defendant failed to warn the general public and Plaintiff David Karpinski in particular, of the design and/or manufacturing defects inherent in the boom lift.

34. The defendant committed an unfair, fraudulent, tortious and deceptive act and/or practice in the conduct of trade or commerce within this Commonwealth.

35. As a direct and proximate result of the aforesaid violation of the defendant, the accident occurred, resulting personal injuries and death of David Karpinski.

**WHEREFORE**, The Plaintiff Diane M. Sullivan formerly Diane M. Karpinski as administratrix of the estate of David A. Karpinski demands judgment against Defendant Genie Industries Pursuant to Mass G. L. c. 229 § 2, plus all special and general damages incurred by Plaintiff, together with pre- and post-judgment interest, the cost of the suit, and such other and further relief as may be awarded by the Court.

## COUNT IV

## CONSCIOUS PAIN AND SUFERING

36. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.
37. The Defendant's negligence was a proximate cause of conscious pain and suffering of David A. Karpinski.

**WHEREFORE**, The Plaintiff Diane M. Sullivan formerly Diane M. Karpinski as administratrix of the estate of David A. Karpinski demands judgment against Defendant Genie Industries Pursuant to Mass G. L. c. 229 § 6, plus all special and general damages incurred by Plaintiff, together with pre- and post-judgment interest, the cost of the suit, and such other and further relief as may be awarded by the Court.

## PRAYERS FOR RELIEF

Therefore, the Plaintiffs respectfully pray that this Court:

1. Award the Plaintiffs damages as allowed by M.G.L c 93A.

2. Award the Plaintiff Damages as allowed by Mass G.L. c. 229

3. Grant such other and further relief as this Court deems just.

## JURY CLAIM

**THE PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE.**

Dated:  January 28, 2008

Respectfully submitted,
The Plaintiffs,
Diane M. Sullivan formerly Karpinski, as Administratrix of the Estate of David Karpinski (and subrogee of Savers Property and Casualty Insurance Company)
By her attorneys,

/s/ John J. Davey
John J. Davey, Esq.
Mullen &McGourty
6 Edgerly Place, 3rd Floor
Boston, MA 02116
(617)338-9200
BBO# 639317

And

/s/ Steven P. Sabra
Steven P Sabra
Law Offices Sabra & Aspden, P.A.
1026 County Street
Somerset MA 02726
508-674-0890
BBO# 437020